IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wi3, INC.<br><br>                      Plaintiff,<br><br>   v.<br><br>HITRON TECHNOLOGIES AMERICAS INC.<br><br>                      Defendant. | **COMPLAINT**<br><br>**(Jury Trial Demanded)**<br><br>Civil Action No. _____ |

Plaintiff, by and through its counsel alleges as follows:

## THE PARTIES

1.    Plaintiff Wi3, Inc. ("Wi3") is a Delaware corporation with its principal place of business at 66 Washington Road, Pittsford, New York 14534. Wi3 owns United States Patent No. 6,108,331 (the "'331 Patent"), which is entitled "Single Medium Wiring Scheme for Multiple Signal Distribution in Building and Access Port Therefor", which issued on August 22, 2000 (Exhibit A). Wi3 has the exclusive right to license and enforce the '331 Patent and to collect all damages for infringement. Wi3 also has standing to sue for infringement of the '331 Patent.

2.    Upon information and belief, Defendant Hitron Technologies Americas Inc. ("Hitron") is a Colorado corporation with its principal place of business at 9000 East Nichols Avenue, Suite 103, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.    This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

5. Hitron owns, operates and conducts business through its website www.hitron-americas.com throughout the United States including New York and this judicial district. Hitron has sold and continues to sell products accused of infringement to Multiple Service Operators throughout the United States including New York and this judicial district. Additionally, Hitron offers for sale and sells products covered by the claims of the '331 Patent, which products are placed into the stream of commerce and ultimately used and operated in this judicial district.

6. Accordingly, this Court has personal jurisdiction over Hitron because Hitron is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business in this judicial district and has established sufficient minimum contacts with the State of New York such that it should reasonably and fairly anticipate being haled into court in New York.

7. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b).

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,108,331

8. Wi3 realleges and incorporates by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. Hitron manufactures and sells MoCA Ethernet Adapters and/or Ethernet WiFi Extenders throughout the United States.

10. Hitron MoCA Ethernet Adapters and/or Ethernet WiFi Extenders include at least models HT-EM2 and HT-EMN2.

11. Hitron MoCA Ethernet Adapters and/or Ethernet WiFi Extenders are designed to provide an in-house signal distribution system.

12. Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders have a main module mounted in a communications box of a structure in which the in-house signal distribution system is installed.

13. Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders have a main module connector mounted on a main module and connected to a packet stream of the in-house signal distribution system, the packet stream including addressed data packets that carry the respective portions of at least one signal distributed by the in-house signal distribution network.

14. Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders have at least one physical medium connector connected to the main module and arranged for connection to at least one device that can receive respective ones of the at least one signal distributed by the in-house distribution network.

15. Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders have a packet handler that picks packets for the access node from the packet stream, the packet handler converting the picked packets back to their respective ones of the at least one signal and sending the respective ones of the at least one signal to a respective physical medium connector of the access node.

16. Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders have a packet stream distributor carrying the packet stream to the access node main module connector.

17. In Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders, the packet stream is generated by a main input node that takes at least one external signal and converts the at least one external signal to addressed data packets carried by the packet stream to the access node, the at least one external signal being at least one signal for distribution.

18. In Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders, the main input node further includes a frequency allocator that transmits data packets over the packet stream distributor at particular frequencies according to the respective types of signals represented by the data packets.

19. In Hitron's MoCA Ethernet Adapters and/or Ethernet WiFi Extenders, the packet stream distributor includes coaxial cable, the main input node receives a cable television signal as one of the external signals, and the frequency allocator passes the cable television signal through to the coaxial cable unchanged.

20. Hitron has directly infringed and continues to directly infringe at least claim 30 of the '331 Patent under 35 U.S.C. § 271(a) by making, importing, using, offering to sell, and/or selling Hitron MoCA Ethernet Adapters and/or Ethernet WiFi Extenders.

21. The acts of infringement of the '331 Patent by Hitron have injured Wi3, and Wi3 is entitled to recover damages adequate to compensate it for such infringement from Hitron, but, in no event less than a reasonable royalty.

22. In the event discovery reveals that Hitron knowingly engaged in any indirect infringement of the '331 Patent, Wi3 will seek leave to plead indirect infringement claims in addition to the direct infringement claims pled herein.

23. In the event Hitron continues its infringing activities, despite knowing that there was at least an objectively high likelihood that its actions constituted infringement of the '331 Patent, Wi3 will seek discretionary enhancement of damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

24. Wi3 demands a trial by jury on all issues presented in this Complaint to the extent permitted by applicable law.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Wi3 respectfully requests that this Court enter judgment against the Defendant Hitron Technologies Americas Inc. and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

1. The entry of judgment in favor of Wi3 and against Defendant;

2. An award of damages adequate to compensate Wi3 for the infringement that has occurred, together with prejudgment interest from the date infringement of the '331 Patent began, but, in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284; and

3. Such other relief that Wi3 is entitled to under law, and any other and further relief that this Court or a jury may deem just and proper.

Dated: September 9, 2016

Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller
HALLER LAW PLLC
The Monadnock Building
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: 630-336-4283
haller@haller-iplaw.com

*Of Counsel:*
Gabriel I. Opatken (*pro hac vice*)
NOBLE IP LLC
418 North Noble Street, Suite 4
Chicago, IL 60642
Phone: (773) 648-5433
gabriel@nobleipllc.com

**Attorneys for Plaintiff, Wi3, Inc.**